1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARQUETTE HANDY,

11              Plaintiff,                    No. CIV S-08-2765 LKK DAD P

12        vs.

13   DEBRINA WILLIAMS, et al.,

14              Defendants.              ORDER

15   _____/

16        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   72-302 and 28 U.S.C. § 636(b)(1).

20        Plaintiff has submitted an in forma pauperis application that makes the showing

21   required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

22   pauperis.

23        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

24   28 U.S.C. §§ 1914(a) & 1915(b)(1).  An initial partial filing fee of $1.50 will be assessed by this

25   order.  See 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate

26   agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to

1

1   the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of

2   twenty percent of the preceding month's income credited to plaintiff's prison trust account.

3   These payments will be collected and forwarded by the appropriate agency to the Clerk of the

4   Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in

5   full.  See 28 U.S.C. § 1915(b)(2).

6           The court is required to screen complaints brought by prisoners seeking relief

7   against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

8   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

11  U.S.C. § 1915A(b)(1) & (2).

12          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18  Cir. 1989); Franklin, 745 F.2d at 1227.

19          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

20  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22  Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1965 (2007) (quoting Conley v. Gibson,

23  355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a

24  complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

25  must contain factual allegations sufficient "to raise a right to relief above the speculative level."

26  Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must

2

1  accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

2  Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the

3  plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421

4  (1969).

5  The Civil Rights Act under which this action was filed provides as follows:

6  Every person who, under color of [state law] . . . subjects, or causes
   to be subjected, any citizen of the United States . . . to the
7  deprivation of any rights, privileges, or immunities secured by the
   Constitution . . . shall be liable to the party injured in an action at
8  law, suit in equity, or other proper proceeding for redress.

9  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

10  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

11  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

12  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

13  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

14  omits to perform an act which he is legally required to do that causes the deprivation of which

15  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

16  Moreover, supervisory personnel are generally not liable under § 1983 for the

17  actions of their employees under a theory of respondeat superior and, therefore, when a named

18  defendant holds a supervisorial position, the causal link between him and the claimed

19  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

20  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

21  allegations concerning the involvement of official personnel in civil rights violations are not

22  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

23  In his complaint plaintiff has named as defendants Nurse Debrina Williams, Chief

24  Medical Officer Raymond Andreasen, Chief Deputy of Clinical Services Joseph Bick, former

25  Warden Susan Hubbard, and Warden Michael Knowles.  (Compl. at 3.)

26  /////

3

1    Plaintiff alleges in conclusory fashion that, on September 6, 2007, defendant nurse
2 Williams "embellished and falsified medical records to remove plaintiff from medical placement
3 and care that resulted in a near-death respiratory failure leaving the plaintiff intubated for two
4 days." (Compl. at 3.)  Plaintiff alleges in a similarly abbreviated fashion that defendant
5 Andreasen collaborated with defendant Williams and authorized her request, ignoring plaintiff's
6 medical history and the reason for medical placement.  Likewise, plaintiff alleges that on October
7 16, 2007, defendant Bick ignored plaintiff's medical history when he did not act on plaintiff's
8 reasonable modification or accommodation appeal.  Finally, plaintiff alleges that defendants
9 Hubbard and Knowles ignored his appeals and his requests that he be provided adequate medical
10 care. (Compl. at 3-4.)  Plaintiff requests injunctive relief and damages.  (Compl. at 3.)

11    The allegations in plaintiff's complaint are so vague and conclusory that the court
12 is unable to determine whether the current action is frivolous or fails to state a claim for relief.
13 Plaintiff does not allege facts explaining how defendant Williams allegedly falsified his medical
14 records or how nurse Williams' actions caused the respiratory failure that plaintiff allegedly
15 suffered.  The complaint also does not allege what specific actions the other defendants took that
16 allegedly resulted in a denial of plaintiff's constitutional rights.  Therefore, the complaint does
17 not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the
18 Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the
19 defendants and must allege facts that support the elements of the claim plainly and succinctly.
20 Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege
21 with at least some degree of particularity overt acts which defendants engaged in that support his
22 claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.
23 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an
24 amended complaint.

25 /////
26 /////

4

1    If plaintiff files an amended complaint, he is advised that the Supreme Court has

2    held that inadequate medical care does not constitute cruel and unusual punishment cognizable

3    under § 1983 unless the mistreatment rises to the level of "deliberate indifference to serious

4    medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  In applying this standard, the

5    Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged,

6    "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or

7    'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d

8    458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

9    In addition, plaintiff is advised that he must allege facts demonstrating how each

10   defendant's actions rose to the level of "deliberate indifference."  Plaintiff must allege in specific

11   terms how each defendant was involved in the denial of his medical care.  There can be no

12   liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

13   defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.

14   Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

15   1978).  Vague and conclusory allegations of official participation in civil rights violations are not

16   sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

17   To the extent that plaintiff seeks to raise a claim under the Americans with

18   Disabilities Act ("ADA"), he is advised that, under Title II of the ADA plaintiff must allege four

19   elements:  "(1) he is an individual with a disability; (2) he was otherwise qualified to participate

20   in or receive the benefit of some public entity's services, programs, or activities; (3) he was either

21   excluded from participation in or denied the benefits of the public entity's services . . . or was

22   otherwise discriminated against by the public entity; and (4) such exclusion, denial . . . or

23   discrimination was by reason of his disability." McGary v. City of Portland, 386 F.3d 1259,

24   1265 (9th Cir. 2004).  In the event plaintiff is attempting to base a claim on any defendant's

25   rejection of his administrative appeals or grievances, he is advised that "inmates lack a separate

26   /////

1  constitutional entitlement to a specific prison grievance procedure." <u>Ramirez v. Galaza</u>, 334

2  F.3d 850, 860 (9th Cir. 2003) (citing <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988)).

3         Finally, plaintiff is informed that the court cannot refer to a prior pleading in order

4  to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

5  complaint be complete in itself without reference to any prior pleading.  This is because, as a

6  general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375

7  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

8  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

9  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

10                                    CONCLUSION

11         Accordingly, IT IS HEREBY ORDERED that:

12         1.  Plaintiff's November 18, 2008 application to proceed in forma pauperis (Doc.

13  No. 2) is granted.

14         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

15  Plaintiff is assessed an initial partial filing fee of $1.50.  All fees shall be collected and paid in

16  accordance with this court's order to the Director of the California Department of Corrections

17  and Rehabilitation filed concurrently herewith.

18         3.  Plaintiff's complaint is dismissed.

19         4.  Plaintiff is granted thirty days from the date of service of this order to file an

20  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

21  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

22  docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an

23  amended complaint in accordance with this order will result in a recommendation that this action

24  be dismissed without prejudice.

25  /////

26  /////

5.  The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: December 10, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
hand2765.14

7