IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARQUETTE HANDY,

    Plaintiff,                     No. CIV S-08-2765 LKK DAD P

    vs.

DEBRINA WILLIAMS, et al.,

    Defendants.              ORDER

         Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. By order filed December 11, 2008, plaintiff's complaint was dismissed with leave to amend. Plaintiff has filed an amended complaint.

         The court finds that plaintiff's amended complaint states cognizable claims for relief against defendant Williams. If the allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action. The court also finds, however, that plaintiff's amended complaint does not state a cognizable claim against defendants Andreasen, Bick, Hubbard, Knowles, and the California Department of Corrections and Rehabilitation ("CDCR"). The court previously advised plaintiff that he was required to allege in specific terms how each defendant was involved in the denial of his medical care. In plaintiff's amended complaint, he names Andreasen, Bick, Hubbard, and Knowles as defendants merely

1

1  because of their supervisory roles or their involvement in the administrative appeals process.
2  Again, supervisory personnel may not be held liable under § 1983 for the actions of their
3  employees under a theory of respondeat superior.  In addition, "inmates lack a separate
4  constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334
5  F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).
6  Finally, the Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties
7  against a state or state agency unless the state or the agency consents to such suit.  See Quern v.
8  Jordan, 440 U.S. 332, 340 (1979); Alabama v. Pugh, 438 U.S. 781, 782 (1978); Jackson v.
9  Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the instant case, CDCR has not
10 consented to suit.
11             Accordingly, IT IS HEREBY ORDERED that:
12             1. Service of the amended complaint is appropriate for defendant Williams.
13             2. The Clerk of the Court shall send plaintiff one USM-285 form, one summons,
14 an instruction sheet, and a copy of the amended complaint filed January 12, 2009.
15             3. Within thirty days from the date of this order, plaintiff shall complete the
16 attached Notice of Submission of Documents and submit all of the following documents to the
17 court at the same time:
18                  a. The completed, signed Notice of Submission of Documents;
19                  b. One completed summons;
20                  c. One completed USM-285 form for the defendant listed in number 1
21                     above; and
22                  d. Two copies of the amended complaint filed January 12, 2009.
23         4. Plaintiff shall not attempt to effect service of the amended complaint on the
24 defendant or request a waiver of service of summons from the defendant.  Upon receipt of the
25 /////
26 /////

1 above-described documents, the court will direct the United States Marshal to serve the above-
2 named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.
3 DATED: January 22, 2009.

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

7 DAD:9
hand2765.1am

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARQUETTE HANDY, | | |
| | Plaintiff, | No. CIV S-08-2765 LKK DAD P |
| vs. | | |
| DEBRINA WILLIAMS, et al., | | <u>NOTICE OF SUBMISSION</u> |
| | Defendants. | <u>OF DOCUMENTS</u> |
| _____/ | | |

     Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

     _____ <u>one</u> completed summons form;

     _____ <u>one</u> completed USM-285 form; and

     _____ <u>two</u> true and exact copies of the amended complaint filed January 12, 2009.

DATED: _____.

                                                                    _____
                                                                    Plaintiff