IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARQUETTE HANDY,

    Plaintiff,                    No. CIV S-08-2765 LKK DAD P

    vs.

DEBRINA WILLIAMS, et al.,

    Defendants.             <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motion to compel and motion to authenticate documents.

### PLAINTIFF'S MOTION TO COMPEL

        In his motion to compel, plaintiff argues that defendant Williams has responded to his discovery requests with objections or vague responses. He claims that the defendant is obstructing discovery and denying him a full opportunity to litigate this case. He has attached to his motion a copy of his discovery requests and defendant Williams' responses thereto. (Pl.'s Mot. to Compel at 1-2 & Ex. 1.)

        In opposition to plaintiff's motion to compel, counsel for defendant Williams argues that plaintiff has failed to set forth any legal basis in support of his motion to compel

1

supplemental responses to discovery requests.  In defense counsel's view, all of defendant Williams' responses are appropriate and set forth valid, legal objections to plaintiff's discovery requests based on the attorney-client and work-product privileges and the overbroad and vague nature of plaintiff's discovery requests.  (Def.'s Opp'n to Pl.'s Mot. to Compel at 2-3.)

    The court will deny plaintiff's motion to compel.  As an initial matter, plaintiff's motion is inadequate.  The court does not hold litigants proceeding pro se to the same standards that it holds attorneys.  However, at a minimum, as the moving party plaintiff has the burden of informing the court which discovery requests are the subject of his motion to compel, which of the defendant's responses are disputed, why he believes the defendant's responses are deficient, why the defendant's objections are not justified, and why the information he seeks through discovery is relevant to the prosecution of this action.  See, e.g., Brooks v. Alameida, No. CIV S-03-2343 JAM EFB P, 2009 WL 331358 at *2 (E.D. Cal. Feb. 10, 2009) ("Without knowing which responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's motion."); Ellis v. Cambra, No. CIV F-02-5646 AWI SMS PC, 2008 WL 860523 at *4 (E.D. Cal. Mar. 27, 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why Defendant's objections are not justified.").  Here, plaintiff has provided no specific arguments in support of his motion to compel supplemental responses and has essentially asked the court to make his arguments for him.  See, e.g., Williams v. Flint, No. CIV S 06-1238 FCD GGH P, 2007 WL 2274520 at *1 (E.D. Cal. Aug. 6, 2007) ("It is plaintiff's burden to describe why a particular response is inadequate.  It is not enough to generally argue that all responses are incomplete.").

    Moreover, the court has reviewed defendant Williams' responses to plaintiff's discovery requests, and those responses do not appear as vague or obstructive as plaintiff argues. Specifically, although defendant Williams has objected to many of plaintiff's interrogatories, without waiving the objections, she has provided direct answers to many of plaintiff's inquiries.

In addition, although defendant Williams has objected to many of plaintiff's requests for production of documents, those objections appear to be valid. By way of example, in Request No. 1 plaintiff sought:

> Any and all documents printed, typewritten, handwritten or otherwise recorded matter of whatever character, however produced or reproductive in the actual constructive possess[ion] or control of defendants or their agents, employees or attorneys.

Plaintiff's request in this regard is clearly overbroad. It lacks specificity and is neither limited in time or scope nor reasonably calculated to lead to the discovery of admissible evidence. In addition, the request can be construed as seeking documents protected by the attorney-client and work-product privileges. Plaintiff's other requests for documents are similarly objectionable. Thus, in Request No. 4 plaintiff sought "Any and all documents which do not support the claim in plaintiff's complaint," and in Request No. 5 plaintiff sought "Any and all documents which do not support plaintiff's claim that defendant Williams caused his harm." Again, these requests are overbroad and are not reasonably calculated to lead to the discovery of admissible evidence. They too could be construed as seeking documents protected by the attorney-client and work-product privileges.

**PLAINTIFF'S MOTION TO AUTHENTICATE DOCUMENTS**

In his motion to authenticate documents, plaintiff seeks leave from the court to authenticate all of the documents he has filed in this case. Plaintiff believes that the defendant will move the court to strike all documents that were not previously authenticated presumably at the summary judgment stage of this case. (Pl.'s Mot. to Authenticate at 1.)

In opposition to plaintiff's motion, defense counsel argues that plaintiff has failed to cite any legal authority in support of his motion. In addition, for purposes of defendant's motion for summary judgment, defense counsel contends that defendant Williams will not object to plaintiff's medical records on the ground that they lack foundation. (Def.'s Opp'n to Pl.'s Mot. to Authenticate at 1-2.)

The court will deny plaintiff's motion as unnecessary. As an initial matter, it is not clear what documents plaintiff seeks to authenticate. He refers to documents attached to his amended complaint, but there are no exhibits attached to his amended complaint. Moreover, as a practical matter, it would be an abuse of this court's discretion to refuse to consider evidence offered by a pro se plaintiff at the summary judgment stage. See, e.g., Jones v. Blanas, 393 F.3d 918, 935 (9th Cir. 2004) (reversing and remanding with instructions to consider evidence offered by the pro se plaintiff in his objections to the findings and recommendations); Fraser v. Goodale, 342 F.3d 1032, 1036-37 (9th Cir. 2003) (holding that the district court properly considered a diary which defendants moved to strike as inadmissible hearsay because "[a]t the summary judgment stage, we do not focus on the admissibility of the evidence's form. We focus instead on the admissibility of its contents."); Johnson v. Meltzer, 134 F.3d 1393, 1399-1340 (9th Cir. 1998) (reversing and remanding for consideration of the pro se plaintiff's verified motion as an affidavit in opposition to summary judgment); see also, e.g., Fryman v. Traquina, No. CIV 07-2636 JAM DAD, 2009 WL 113590 at *11 n.5 (E.D. Cal. Jan. 15, 2009) (overruling defendants' objections to plaintiff's medical records on the grounds that they constitute hearsay, lack foundation and are not properly authenticated because "[i]t cannot reasonably be disputed that the records in question are plaintiff's medical records from his prison file. Those records are created and maintained by prison officials."). Finally, in the event that this matter proceeds past the summary judgment stage, plaintiff will have adequate time to authenticate any documents that he wishes to introduce at trial.

/////
/////
/////
/////
/////
/////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 19, 2009 motion to compel (Doc. No. 31) is denied; and

2. Plaintiff's December 30, 2009 motion to authenticate documents (Doc. No. 34) is denied as unnecessary.

DATED: February 23, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
hand2765.mtc